Entered: May 2nd, 2024
Signed: May 1st, 2024

**SO ORDERED**



_Maria Ellena Chavez-Ruark_

**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Greenbelt**

In re:

SMOKECRAFT CLARENDON, LLC,

    Debtor.

Case Number:  24-13609-MCR
Chapter 11 (Subchapter V)

## INITIAL SCHEDULING ORDER

    The above-captioned debtor and debtor-in-possession (the "Debtor") has elected to proceed with this case under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").[1]   The Court enters this Initial Scheduling Order to facilitate the efficient administration of this case and to ensure adequate and proper notice to all affected parties. Accordingly, for good cause appearing, IT IS ORDERED:

1.   Subchapter V Case.  Unless and until otherwise ordered by the Court, this case shall be governed by the provisions of Subchapter V of Chapter 11 of the Bankruptcy Code.  The Debtor remains in possession of its assets and is currently operating its business as a debtor-in-possession under § 1184 of the Bankruptcy Code.  Unless otherwise ordered by the Court, no committee of creditors or equity security holders will be appointed in this case by the United States Trustee pursuant to § 1102(a) of the Bankruptcy Code.

2.   Debtor's Compliance with § 1116.  The Debtor shall comply with § 1116 of the Bankruptcy Code.[2]

---

[1] Subchapter V of Chapter 11 (11 U.S.C. §§ 1181-1195) was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, and became effective on February 19, 2020.

[2] Although § 1181(a) of the Bankruptcy Code states that § 1116 is not applicable in a case under Subchapter V of Chapter 11, the various provisions of § 1116 are thereafter made applicable by § 1187(a) and § 1187(b).

3. <u>First Day Motions</u>. To the extent the Debtor requires an expedited hearing on cash collateral, debtor-in-possession financing, prepetition obligations to employees or vendors, or similar first-day relief, the Debtor may file a motion requesting that the Court shorten the objection deadline and set an emergency hearing on such matters pursuant to Local Bankruptcy Rule 9013-7 (the "<u>Emergency Motion</u>"). The Debtor shall serve the substantive motions and the Emergency Motion on the trustee appointed in this case (the "<u>Subchapter V Trustee</u>") and all parties in interest. The Court will set a hearing on such matters as soon as reasonably practicable under the circumstances of this case. The Debtor may use the form Emergency Motion available on the Court's website.

4. <u>Bar Date</u>. Unless the Court sets a different date by separate order or notice, the deadline for parties in interest to file proofs of claim or interest in this case is governed by Federal Rule of Bankruptcy Procedure 3003 and Local Bankruptcy Rule 3003-1.

5. <u>Service of Notice of Case by the Debtor</u>. The Debtor shall serve notice of this case as required under Federal Rule of Bankruptcy Procedure 2015(a)(4) on any entity known to be holding money or property subject to withdrawal or order of the Debtor within seven (7) days of the date of this Order.

6. <u>Objections to Designation</u>. Any challenge to the Debtor's self-designation as a "small business debtor" under § 101(51D) of the Bankruptcy Code must be filed with the Court and served on the Debtor, the Subchapter V Trustee, the United States Trustee, and all parties in interest on or before June 13, 2024.

7. <u>Subchapter V Trustee Affidavit</u>. To the extent not already filed, the Subchapter V Trustee shall file with the Court and serve on the Debtor, the United States Trustee, and all parties in interest a declaration or affidavit that sets forth information concerning the Subchapter V Trustee's proposed compensation structure for services provided in connection with this case on or before June 13, 2024.

8. <u>Debtor's § 1188(c) Report</u>. The Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest the report required by § 1188(c) of the Bankruptcy Code on or before June 13, 2024. The Debtor's report shall include a description of (i) the Debtor's business or commercial activities, (ii) the Debtor's efforts to formulate a Chapter 11 plan of reorganization, (iii) the Debtor's efforts to communicate with creditors regarding any such plan, and (iv) the Debtor's proposed monthly escrow payments to fund the payment of allowed administrative expenses in the case.[3] The Debtor may use the form report available on the Court's website.

9. <u>Preliminary Status Conference</u>. The Debtor and the Subchapter V Trustee shall appear at a preliminary status conference before the Court on June 27, 2024, at 2:00 p.m., by videoconference. The purpose of the preliminary status conference is to further the

---

[3] The Debtor will make the monthly escrow payments to the Subchapter V Trustee to be held in escrow pending further Order of the Court. The escrowed amounts shall be applied to the payment of allowed administrative expense claims in the case in accordance with the Bankruptcy Code. The Court will consider the monthly escrow payments proposed by the Debtor at the initial status conference under § 1188 of the Code and enter an appropriate Order thereafter.

expeditious and economical resolution of this case.  Other parties in interest may (but are not required to) appear and be heard at the preliminary status conference.

10. <u>Plan of Reorganization</u>.  The Debtor shall file with the Court and serve on all parties in interest a plan of reorganization, as required by § 1189(b) of the Bankruptcy Code, on or before July 29, 2024.  Any request to extend this 90-day deadline must meet the requirements of § 1189(b) of the Bankruptcy Code and be filed with the Court on or before June 28, 2024.[4]  The Debtor may amend its plan of reorganization any time before the confirmation hearing in accordance with § 1193(a) of the Bankruptcy Code.

11. <u>Additional Deadlines</u>.  The Court will set additional deadlines as and when appropriate to facilitate the efficient administration of this Chapter 11 case.

12. <u>Service of Initial Scheduling Order by the Debtor</u>.  **The Debtor shall serve a copy of this Order on the Subchapter V Trustee and all known creditors and parties in interest and file a certificate of service with the Court within seven (7) days of entry of this Order.**

13. <u>Applications for Compensation</u>.  For purposes of this case, the Subchapter V Trustee, counsel for the Debtor, and other professionals may use the abbreviated form of Application for Compensation under Subchapter V of Chapter 11 available on the Court's website.  Subject to further order of the Court, such applications shall be presumed to comply with Local Bankruptcy Rule 2016-1(a) and this Court's Compensation Guidelines (Appendix D to the Local Bankruptcy Rules).  In the event an objection to such an application is filed, the applicant shall file a supplemental memorandum within fourteen (14) days that addresses in greater detail the factual and legal issues raised in the objection.

cc:   Debtor
      Debtor's Counsel

**END OF ORDER**

---

[4] Under § 1189(b), the Court may extend the 90-day time period only "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."