**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

In re                                              Case No. 24-13609-MCR

Smokecraft Clarendon, LLC                          Chapter 11

     Debtor.
_____/

## MOTION TO CONDUCT CONFIRMATION HEARING THROUGH HYBRID MEANS

Comes now Smokecraft Clarendon, LLC ("Smokecraft" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 43, and moves this Honorable Court for leave to permit a single expert witness, offering solely expert testimony, to testify at the confirmation hearing herein, on January 29, 2025, through remote videographic means, and in support thereof states as follows:

The crux of the Debtor's case-in-chief at confirmation will center on the testimony of Andrew Darneille ("Mr. Darneille"), the Debtor's principal, and evidence to be moved through Mr. Darneille. However, for purposes of establishing the value of Smokecraft's various assets, and refuting an appraisal obtained by a creditor herein, the Debtor does intend to also solicit the testimony of an expert witness. The expert's report has been shared, several weeks in advance, with all parties actively participating in this case, and will be filed as part of the Debtor's exhibit list at least three business days before the hearing.

Federal Rule of Civil Procedure 43, permitting for remote testimony for "good cause in compelling circumstances and with appropriate safeguards," Fed. R. Civ. P. 43(a), is expressly applied to bankruptcy cases, Fed. R. Bankr. P. 9017.

As noted by a district court, in affirming a bankruptcy court's election to receive evidence via Zoom, "Rule 43(a)'s requirement that testimony occur in open court serves two purposes: (1)

1

to ensure that the witness testimony may be tested by cross-examination, and (2) to allow the trier of fact to observe the demeanor of the witness." *Alle v. Gales (In re Alle)*, 2021 U.S. Dist. LEXIS 134109, at *13 (C.D. Cal. July 19, 2021) (citing *In re Adair*, 965 F.2d 777, 780 (9th Cir. 1992) (citing *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972))).

Here, the expert witness can be subjected to cross-examination via Zoom. Smokecraft is assuredly not seeking to place any witness beyond the reach of cross-examination and recognizes such to be an integral part of the contested hearing environment. Moreover, given the familiarity of all counsel with Zoom technology, and extensive utilization thereof over the past several years, it stands to reason that no party will be inconvenienced by undertaking a cross-examination via Zoom.

In terms of the witness' demeanor, this would appear to be less of a concern since the individual is solely testifying as an expert. No testimony from the appraiser will be rooted in personal knowledge of the Debtor's operations and expert testimony is inherently less likely to invite subjective assessments of candor than is fact testimony. Still, demeanor is, in a modern technological construct, well observable via Zoom. *See, e.g.*, *United States v. Sheppard*, 2020 U.S. Dist. LEXIS 207157, at *6 (W.D. Ky. Nov. 5, 2020) ("Thus, the defendant's rights under Rule 43 will not be violated by permitting the experts to testify over Zoom because the defendant will be present for the hearing."); *ResCap Liquidating Tr. v. Primary Residential Mortg., Inc. (In re RFC & ResCap Liquidating Tr. Action)*, 444 F. Supp. 3d 967, 970-71 (D. Minn. 2020) ("Still, advances in technology minimize these concerns. The near-instantaneous transmission of video testimony through current technology permits 'the jury [or, in a bench trial, the Court] to see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy,

[and] his calmness or consideration[.]'") (quoting *In re Vioxx Prods. Litig.*, 439 F. Supp. 2d 640, 644 (E.D. La. 2006)).

The Debtor's expert is situated in Richmond, Virginia. And while certainly not as hefty a travel obligation as certain other locales in the United States, Richmond is not particularly proximate to Greenbelt and the travel time will be appreciable in nature. While it is recognized that convenience and cost are not ordinarily factors that inform remote participation in this Honorable Court, it is also noteworthy that "cost" in the prism of an expert witness is not merely a question of fuel, millage and potential lodging but is, too, a question of paying for the expert's time whilst traversing I-95 and commuting around (or through) a major city during the height of rush hour. Or, stated otherwise, this is not a question of $40.00 in gas and the annoyance of traffic; this is a question of the Debtor being compelled to pay a professional, at their hourly rate, for the drive to (and from) Greenbelt.[1]

At core, Smokecraft suggests the economic detriments of directing an out-of-town expert to commute to Greenbelt are well outweighed by the conveniences and efficiencies of technology. An expert can offer testimony, be cross-examined, and have his every facial movement scrutinized over Zoom; in the unique construct of this case, it is sensible to permit him to do so.

WHEREFORE, Smokecraft respectfully prays this Honorable Court (i) permit the Debtor's expert witness (and only the expert witness) to testify via Zoom; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

---

[1] Lest this comment appear hypocritical, it bears notation that insofar as undersigned counsel resides outside the District of Columbia metropolitan area, but maintains a regular practice therein, it is his longstanding practice—replicated in this case—to not charge clients for travel or commute time to the District of Maryland, the District of Columbia, or the Eastern District of Virginia.

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
THE BELMONT FIRM
1050 Connecticut Avenue NW,
Suite 500
Washington, DC 20036
Phone: (301) 444-4600
E-mail: mac@dcbankruptcy.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of January, 2025, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein, including:

- Corinne Donohue Adams    cadams@yvslaw.com, cadams@yvslaw.com;jbeckman@yvslaw.com;pgomez@yvslaw.com;vmichaelides@yvslaw.com;yvslawcmecf@gmail.com;r39990@notify.bestcase.com
- Catherine Keller Hopkin    chopkin@yvslaw.com, pgomez@yvslaw.com;kreese@yvslaw.com;vmichaelides@yvslaw.com;yvslawcmecf@gmail.com;hopkincr39990@notify.bestcase.com
- Lynn A. Kohen    lynn.a.kohen@usdoj.gov
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- Angela L. Shortall    ashortall@3cubed-as.com, md70@ecfcbis.com
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.

4