PATENT SECURITY AGREEMENT

This PATENT SECURITY AGREEMENT (as amended, amended and restated, supplemented or otherwise modified from time to time, this "Trademark Security Agreement") dated January 31, 2020, is made by **SMOKECRAFT CLARENDON, LLC**, a Virginia limited liability company, **SMOKECRAFT HOLDINGS, LLC**, a Virginia limited liability company (collectively, "Grantors"), in favor of **CAPITAL BANK, NATIONAL ASSOCIATION** ("Lender").

Grantors have requested that Lender make a loan to Grantors and Lender has agreed to do so in accordance with the terms and conditions of the Security Agreement dated January 31, 2020 among Grantors and Lender (as amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, "Security Agreement") and certain other documents and agreement executed and delivered in connection therewith.

WHEREAS, under the terms of the Security Agreement, Grantors have granted to Lender a security interest in, among other property, certain intellectual property of Grantors, and has agreed as a condition thereof to execute this Trademark Security Agreement for recording with the U.S. Patent and Trademark Office.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Grantors agree as follows:

SECTION 1. Terms. Capitalized terms used herein and not otherwise defined herein shall have the meaning ascribed to the in the Security Agreement.

SECTION 2. Grant of Security. As security for the payment and performance in full of the Liabilities and the payment and performance of all of Grantors' obligations under the Loan Documents or otherwise to Lender, each Grantor hereby grants to Lender, its successors and assigns, for the benefit of Lender, a security interest in all of Grantors' right, title and interest in, to and under all of the following Collateral of Grantors (collectively, "Patent Collateral"): (a) all letters patent of the United States or the equivalent thereof in any other country, all registrations and recordings thereof, and all applications for letters patent of the United States or the equivalent thereof in any other country, including registrations, recordings and pending applications in the United States Patent and Trademark Office or any similar offices in any other country, including those listed on Schedule A attached hereto; (b) all (i) rights and privileges arising under applicable law with respect to Grantors' use of any patents, (ii) reissues, divisions, continuations, extensions and continuations-in-part thereof and amendments thereto, (iii) income, fees, royalties, damages, claims and payments now or hereafter due and/or payable with respect to any of the foregoing including damages and payments for past, present or future infringements thereof, (iv) rights corresponding thereto throughout the world, and (v) rights to sue for past, present or future infringements thereof; and (c) to the extent not otherwise included, all proceeds and products of any and all of the foregoing and all collateral security and guarantees given by any person with respect to any of the foregoing.

SECTION 3. Security for Liabilities. The grant of a security interest in the Patent by Grantors under this Patent Security Agreement is made to secure the payment and performance in full of the Liabilities.

SECTION 4. Recordation. Each Grantor authorizes and requests that the Commissioner for Patents record this Patent Security Agreement.

SECTION 5. Execution in Counterparts. This Patent Security Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument. Delivery by telecopier or by electronic .pdf copy of an executed counterpart of a signature page to this Patent Security Agreement shall be effective as delivery of an original executed counterpart of this Patent Security Agreement.

IN WITNESS WHEREOF, Grantors and Lender have caused this Patent Security Agreement to be executed under seal as of the date first above written.

WITNESS/ATTEST:    **GRANTORS**:

SMOKECRAFT CLARENDON, LLC
A Virginia Limited Liability Company

_____    By: _____(SEAL)
PATRICK EJINDU                    Andrew C. Darneille
                                  Manager

SMOKECRAFT HOLDINGS, LLC
A Virginia Limited Liability Company

_____    By: _____(SEAL)
PATRICK EJINDU                    Andrew C. Darneille
                                  Sole Member and Manager

### Acknowledgments

STATE OF Maryland, CITY/COUNTY OF Rockville Montgomery, TO WIT:

I HEREBY CERTIFY that on this ____ day of January, 2020, before me, the subscriber, a Notary Public of the jurisdiction aforesaid, personally appeared Andrew C. Darneille, and acknowledged himself to be the Manager of SMOKECRAFT CLARENDON, LLC, a Virginia limited liability company, and acknowledged that he, being authorized so to do, executed the foregoing document in the aforesaid capacity for the purposes therein contained.

IN WITNESS MY Hand and Notarial Seal.

_____(SEAL)
NOTARY PUBLIC

My Commission Expires:
9/9/22

ERICA WANG
NOTARY PUBLIC
MONTGOMERY COUNTY
MARYLAND
My Commission Expires 9-9-2022

STATE OF Maryland, CITY/COUNTY OF Rockville Montgomery, TO WIT:

I HEREBY CERTIFY that on this ____ day of January, 2020, before me, the subscriber, a Notary Public of the jurisdiction aforesaid, personally appeared Andrew C. Darneille, and acknowledged himself to be the Sole Member and Manager of SMOKECRAFT HOLDINGS, LLC, a Virginia limited liability company, and acknowledged that he, being authorized so to do, executed the foregoing document in the aforesaid capacity for the purposes therein contained.

IN WITNESS MY Hand and Notarial Seal.

_____(SEAL)
NOTARY PUBLIC

My Commission Expires:
9/9/22

ERICA WANG
NOTARY PUBLIC
MONTGOMERY COUNTY
MARYLAND
My Commission Expires 9-9-2022