**MARIA ELLENA CHAVEZ-RUARK, U.S. BANKRUPTCY JUDGE**

Evidentiary Hearing:  YES
Exhibits Filed:  YES

PROCEEDING MEMO − CHAPTER 11

**Case: 24-13609-MCR**                                    Date: 01/29/2025 at 10:30 a.m.
**Smokecraft Clarendon, LLC**

Appearances:  Maurice Belmont VerStandig, counsel for Debtor
Corinne Adams, counsel for Capital Bank, N.A.
Catherine Keller Hopkin, counsel for Capital Bank, N.A.
Angela L. Shortall, Subchapter V Trustee
Lynn A. Kohen, Office of the United States Trustee

Also present:  Andrew Darneille, Debtor's representative
William J. Fischer, appraiser for Debtor
Krystal Broussard, Senior VP of Capital Bank
Robert A. Jones, appraiser for Capital Bank

[89] Second Amended Chapter 11 Plan Filed by Smokecraft Clarendon, LLC (related document(s)72 Chapter 11 Plan Small Business Subchapter V filed by Debtor Smokecraft 28 Clarendon, LLC). (Attachments: # 1 Exhibit A - Liquidation Analysis # 2 Exhibit B - Projections # 3 Exhibit C - Schedule of Creditors and Classes # 4 Exhibit D - Payment Schedule # 5 Redline Comparison Copy)

[81] Objection on behalf of US Trustee - Greenbelt Filed by Lynn A. Kohen (related document(s)72 Chapter 11 Plan Small Business Subchapter V filed by Debtor Smokecraft Clarendon, LLC).

[84] Objection on behalf of Capital Bank, N.A. Filed by Catherine Keller Hopkin (related document(s)72 Chapter 11 Plan Small Business Subchapter V filed by Debtor Smokecraft Clarendon, LLC). (Attachments: # 1 Exhibits)

[88] Response on behalf of Smokecraft Clarendon, LLC Filed by Maurice Belmont VerStandig (related document(s)81 Objection filed by U.S. Trustee US Trustee - Greenbelt, 84 Objection filed by Creditor Capital Bank, N.A.). (Attachments: # 1 Exhibit A - Subordination Agreement # 2 Exhibit B - Trademark Security Agreement # 3 Exhibit C - Patent Security Agreement # 4 Exhibit D - Smokecraft0006-Smokecraft0015 # 5 Exhibit E - Appraisal)

[96] Tally of Ballots on behalf of Smokecraft Clarendon, LLC Filed by Maurice Belmont VerStandig

COMMENTS:          The Court admitted Debtor's Exhibits 1-18 without objection and admitted Capital Bank's Exhibit 8 (a rebuttal exhibit) without objection.  Mr. Fischer was qualified as an expert in the appraisal of tangible personal property, and he and Mr. Darneille testified.

After the Debtor put on its evidence, Capital Bank moved for judgment under Rule 52(c) and Bankruptcy Rule 7052.  The Court granted the motion and denied confirmation with leave to amend, concluding that the plan is not fair and equitable as to Capital Bank because it does not pay Capital Bank the value of its claim, as of the effective date, in deferred cash payments as required by Section 1129(b)(2)(A).

- ➢ The Debtor had the burden of proof.
- ➢ The Court concluded that Capital Bank's secured claim is equal to the fair market value of its collateral.  Because the plan determines the claim based on liquidation value – which is less than fair market value – the plan does not pay Capital Bank the value of its claim.  In reaching this conclusion, the Court applied *Associates Commercial Corp. v. Rash*, 520 U.S. 953 (1997) (a Chapter 13 case), *Gateway Bank & Trust Co. v. Clarendon Holdings, LLC (In re Clarendon Holdings, LLC)*, 2013 WL 8635348 (E.D.N.C. 2013) (applying *Rash* in a Chapter 11 case), and *Houston SportsNet Finance, LLC v. Houston Astros LLC (In re Houston Regional Sports Network, LP)*, 886 F.3d 523 (5th Cir. 2018) (same).
- ➢ The Court also concluded that disposition costs should not be considered in determining the extent of Capital Bank's claim. In reaching this conclusion, the Court applied *Coker v. Sovran Equity Mortgage Corp. (In re Coker)*, 973 F.2d 258 (4th Cir. 1992) (Chapter 13 case) and *In re Zupnik*, 1995 Bankr. LEXIS 1107 (Bankr. D. Md. 1995) (applying *Coker* in a Chapter 11 case).

The Court did not determine whether the payment of $64,000 to Mr. Darneille's parents should be reviewed as a preferential payment to insiders or whether the advance of funds from the parents constituted new value, but the Court questioned whether the Debtor can claim the transactions were loans instead of capital contributions when both the Debtor and the parents reclassified the advances as equity in January 2024 so that the parents could obtain the accompanying tax benefits.

The Court also did not make any determinations regarding whether certain assets are fixtures as argued by the Debtor or whether there are assets excluded from the Debtor's appraisal as argued by Capital Bank.

The Debtor expects to receive a valuation report from its appraiser by 2/6/25.  The Debtor will file a motion to determine the extent of Capital Bank's secured claim by 2/14/25.  Capital Bank will file a response by 2/28/25.  The parties will submit a joint status report by 2/28/25.  The status report will address (i) whether the parties want to conduct discovery regarding the motion to value, (ii) if so, how much

time they request for discovery, and (iii) how much time they think they will need for the hearing on the motion.

The parties agreed to an extension of the current cash collateral agreement through 3/31/25.

DISPOSITION:     Hearing held.  Court will prepare order denying confirmation with leave to amend (with deadlines to be set in a further Court order) and scheduling order for motion to value.

Debtor will upload proposed order extending cash collateral term through 3/31/25.