

**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### AT GREENBELT

| | |
|---|---|
| In re:<br><br>SMOKECRAFT CLARENDON, LLC,<br><br>    Debtor. | Case Number: 24-13609-MCR<br>Chapter 11 (Subchapter V) |
| SMOKECRAFT CLARENDON, LLC,<br><br>    Movant,<br><br>v.<br><br>CAPITAL BANK, NATIONAL ASSOCIATION,<br><br>    Respondent. | |

**SCHEDULING ORDER REGARDING**
**DEBTOR'S MOTION TO VALUE SECURED CLAIM**

On February 14, 2025, Smokecraft Clarendon, LLC (the "Debtor") filed a Motion to Value Secured Claim of Capital Bank, National Association (the "Motion to Value") [Dkt. No. 103], and on February 28, 2025, Capital Bank, National Association (the "Lender") filed an opposition to the Motion to Value [Dkt. No. 106]. On March 4, 2025, the parties filed a joint status report [Dkt.

No. 107] advising the Court that discovery is needed and requesting that the Court set an evidentiary hearing on the Motion to Value. The Debtor and the Lender are referred to collectively as the "Parties" and individually as a "Party."

For good cause appearing, IT IS ORDERED:

1. Discovery regarding the Motion to Value shall be completed by **March 25, 2025**. The parties are reminded that: (i) Local Bankruptcy Rule 7026-1(b) requires that discovery requests be made at a sufficiently early date to assure that the time for responses expires and discovery disputes are resolved before the discovery deadline; (ii) Local Bankruptcy Rule 7026-2 requires that a party propounding written discovery, taking a deposition, or providing a discovery response file a notice stating the type of discovery or response served, the date and type of service, and each person served; and (iii) Rule 26(e) requires a party to supplement or correct its discovery responses in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect.

2. An evidentiary hearing on the Motion to Value will be held on **April 22, 2025 at 10:00 a.m.** at the United States Courthouse, Courtroom 3-C, 6500 Cherrywood Lane, Greenbelt, Maryland.

3. Any counsel and parties in interest who intend only to observe the hearing or make limited, non-substantive statements to the Court may participate in the hearing by videoconference (for hybrid hearing information, go to https://www.mdb.uscourts.gov/judges-info/judge/maria-ellena-chavez-ruark); provided, however, that any persons attending by videoconference will not be permitted to question any witnesses or make substantive arguments to the Court.

4. A party must electronically pre-file its witness list, exhibit list, and all exhibits (except those to be used solely for rebuttal purposes) on the Court's docket by **April 15, 2025** as

set forth herein, in Local Bankruptcy Rule 7016-1(c), and in the Court's Protocol for Hybrid Hearings (https://www.mdb.uscourts.gov/judges-info/judge/maria-ellena-chavez-ruark).  To the extent there is a conflict between this Order and either Local Bankruptcy Rule 7016-1(c) or the Court's Protocol for Hybrid Hearings, this Order shall govern.

5. Failure to comply with this Order may result in sanctions being imposed by the Court on the offending party, including but not limited to dismissal of the action.

6. The parties shall read, be familiar with, and comply with Local Bankruptcy Rule 9037-1 concerning their obligations to limit the introduction of private information and to review transcripts to redact private information.

7. The parties shall read, be familiar with, and comply with the Court's Protocol for Hybrid Hearings (https://www.mdb.uscourts.gov/judges-info/judge/maria-ellena-chavez-ruark).

cc: Debtor – Smokecraft Clarendon, LLC
    Debtor's counsel – Maurice Belmont VerStandig
    Respondent – Capital Bank, National Association
    Respondent's counsel – Catherine K. Hopkin
    SubChapter V Trustee – Angela Shortall
    United States Trustee – Lynn A. Kohen, L. Jeanette Rice

**END OF ORDER**