IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| In re | Case No. 24-13609 |
| Smokecraft Clarendon, LLC | Chapter 11 |
|     Debtor. | |
| _____/ | |

### STIPULATION OF SMOKECRAFT CLARENDON, LLC AND CAPITAL BANK NATIONAL ASSOCIATION REGARDING MOTION TO VALUE

Come now Smokecraft Clarendon, LLC ("Smokecraft" or the "Debtor") and Capital Bank National Association ("Capital Bank"), by and through their respective undersigned counsel, and in connection with the Motion to Value Secured Claim of Capital Bank National Association (the "Motion," as found at DE #103), filed by the Debtor, and Capital Bank's Opposition thereto ("CB Oppos.," as found at Dkt #106), do hereby stipulate as follows:

1. The whole of the Debtor's pre-petition assets subject to valuation in the Motion, *i.e.*, Capital Bank's secured loan collateral, shall be valued at One Hundred Four Thousand Five Hundred Dollars and No Cents ($104,500.00) for purposes of determining the secured claim of Capital Bank in this bankruptcy proceeding, ***excepting only*** any adjustments thereto that the Court may determine appropriate on account of (i) five specific items (or groups of items) identified in Capital Bank's Appraisal (CB Oppos. Exh. 1) as Item #s 15, 17-19 & 22; and/or any item that the Debtor asserts is a fixture, and (ii) items, per Capital Bank's Opposition Exhibit 3, that Capital Bank asserts it paid for and that Smokecraft received, but which assertedly were "missing" and not present on Smokecraft's premises at the time of Capital Bank's July 18, 2024 site investigation,

1

and thus could not be, and were not, appraised by the Capital Bank's appraiser but should be included for purposes of valuing Capital Bank's claim.

2. This Stipulation substantially narrows the disputed issues between Debtor and Capital Bank, and resolves and avoids the previously-anticipated "battle of experts" at the upcoming scheduled April 22, 2025, evidentiary hearing as to the many valuation differences in the parties' respective appraisals. The parties believe and submit that the agreed mutually stipulated amount is a fair and reasonable resolution of genuinely disputed issues, will shorten the April 22, 2025 hearing and reduce costs and burdens for all parties, and will help expedite a final resolution of this proceeding, to the benefit of all involved.

3. Nothing in this stipulation is intended to nor shall in any way adversely impact or limit either Debtor's or Capital Bank's continuing abilities and rights to assert their respective positions, and dispute the other's positions, as to any other issue pertaining to the Motion, including but not limited to: whether (i) the above-identified disputed five items, and/or any other items that the Debtor contends are fixtures, should or should not be deemed part of Capital Bank's collateral, and the values, if any, that should be accorded to each item or group of items, if they are deemed part of such collateral, and (ii) any of the items identified in Capital Bank's Opposition Exhibit 3 actually was paid for by Capital Bank, but was "missing" and unavailable to be appraised by Capital Bank's appraiser, and now needs to be appraised.

Respectfully Submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
THE BELMONT FIRM
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
Phone: (301) 444-4600
E-mail: mac@dcbankruptcy.com
*Counsel for the Debtor*


/s/ Catherine Keller Hopkin (signed w/ express permission)
Catherine Keller Hopkin, 28257
Corinne D. Adams, 18768
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401
(443) 569-0788
chopkin@yvslaw.com; cadams@yvslaw.com
*Counsel for Capital Bank N.A.*