United States Bankruptcy Court
District of Maryland

In re:                                                                                                Case No. 24-13609-MCR

Smokecraft Clarendon, LLC                                                          Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0416-0                        User: admin                                          Page 1 of 3

Date Rcvd: Apr 09, 2025                 Form ID: pdfall                                 Total Noticed: 51

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 11, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Smokecraft Clarendon, LLC, 7104 Loch Lomond Drive, Bethesda, MD 20817-4760 |
| cr | + | Capital Bank, N.A., c/o Catherine Keller Hopkin, Esquire, YVS Law, LLC, 185 Admiral Cochrane Drive, Suite 130, Annapolis, MD 21401-7582 |
| 32570668 | | ADAMS BURCH LLC DBA TRIMARK ADAMS BURCH, ATTN: KRIS RICH, 2901 STANFORD CT., LANDOVER, MD 20785 |
| 32529119 | + | Adams-Burch, LLC, d/b/a Trimark Adams-Burch, 1901 Stanford Court, Hyattsville, MD 20785-3219 |
| 32529120 | + | Alsco, Inc., 505 E. 200 S, Salt Lake City, UT 84102-2007 |
| 32529121 | + | Andrew Darneille, 7104 Loch Lomond Drive, Bethesda, MD 20817-4760 |
| 32529122 | + | Bryan J. Pelino, Rosenberg Pelino LLC, 6031 University Boulevard Suite 300, Ellicott City, MD 21043-6151 |
| 32529123 | + | Buckhead Meat & Seafood Mid-Atlantic, In, d/b/a Metropolitan Meat, Seafood & Poult, 1920 Stanford Ct., Hyattsville, MD 20785-3219 |
| 32529125 | + | CGC Holdings, Inc., d/b/a Capital Seaboard, 7540 Assateague Drive, Jessup, MD 20794-3271 |
| 32549561 | + | Capital Bank NA, Catherine Keller Hopkin, YVS Law, LLC, 185 Admiral Cochrane Drive, Suite 130, Annapolis, Maryland 21401-7582 |
| 32529126 | + | Chill-Craft Company, 2600 Cabover Drive Suite K, Hanover, MD 21076-1734 |
| 32529127 | + | Christopher L. Camarra, Esquire, Holland & Knight LLP, 800 17th Street N.W. Suite 1100, Washington, DC 20006-3962 |
| 32529129 | + | Commonwealth of Virginia, 1957 Westmoreland Street, Richmond, VA 23230-3225 |
| 32529130 | + | Comptroller of Maryland, Revenue Administration Division, PO Box 549, Annapolis, MD 21404-0549 |
| 32529131 | + | Crystal Commercial Cleaning Services, LL, 9403 Grant Ave Ste. 300, Manassas, VA 20110-2568 |
| 32542080 | + | Crystal Commercial Cleaning Services, LLC, PO Box 41147, Arlington, VA 22204-8147 |
| 32529132 | + | Daisy & Collins LLP, 20130 Lakeview Center Plaza Suite 400, Ashburn, VA 20147-5905 |
| 32529133 | + | DoorDash, Inc., 303 2nd St. Suite 800, San Francisco, CA 94107-1366 |
| 32683006 | + | Jack Lundstedt, 655 Buttercup Trce, Alpharetta, GA 30022-5199 |
| 32529136 | + | KBSIII 3003 Washington, LLC, c/o KBS, 3003 Washington Boulevard Suite #950, Arlington, VA 22201-2250 |
| 32529137 | + | Lyon Bakery, Inc., 1900 Clarkson Way, Hyattsville, MD 20785-3221 |
| 32529138 | + | Magnolia Plumbing, Inc., 600 Gallatin St NE, Washington, DC 20017-2359 |
| 32529139 | + | Myzentek LLC, 46812 Vermont Maple Ter., Sterling, VA 20164-2236 |
| 32529140 | + | Opentable, Inc., 1 Montgomery Street Suite 500, San Francisco, CA 94104-4535 |
| 32529141 | + | Pepsi-Cola Company, 8550 Terminal Road, Lorton, VA 22079-1428 |
| 32529142 | + | Pest Management Services, Inc., 19980 Highland Vista Drive Suite 180, Ashburn, VA 20147-5998 |
| 32529143 | + | Roberts Oxygen Company, Inc., 15830 Redland Road, Derwood, MD 20855-2292 |
| 32529144 | + | Safety First Services, Inc., 6722B Industrial Drive, Beltsville, MD 20705-1237 |
| 32529145 | + | Sean T. Morris, Esquire, The Morris Law Firm LLC, 4845 Rugby Avenue Suite 302, Bethesda, MD 20814-3018 |
| 32529796 | + | Secretary of the Treasury, 15th and Pennsylvania Ave., N.W., Washington, DC 20220-0001 |
| 32529146 | + | Smokecraft Holdings LLC, 7104 Loch Lomond Drive, Bethesda, MD 20817-4760 |
| 32529147 | + | StratEx HoldCo, LLC, 1521 Concord Pike Suite 201, Wilmington, DE 19803-3645 |
| 32529149 | | TD Bank, National Association, Legal Department Two Portland Square, Portland, ME 04101 |
| 32596488 | + | The Chefs Warehouse Mid-Atlantic, LLC, Reed Smith LLP c/o Alexis A. Leventhal, 225 Fifth Avenue, Pittsburgh, PA 15222-2724 |
| 32529152 | + | The Pels Law Firm, 4845 Rugby Ave. 3rd Floor, Bethesda, MD 20814-3018 |
| 32529154 | + | Toast Tab of Delaware Inc., d/b/a Toast Inc. 401 Park Dr. Suite 801, Boston, MA 02115-3372 |
| 32529157 | + | Vend Lease Company, Inc., 8100 Sandpiper Cir. Suite 300, Nottingham, MD 21236-4992 |
| 32529158 | + | Washington Gas Light Company, d/b/a Washington Gas 1000 Maine Ave, SW, Washington, DC 20024-3496 |
| 32628203 | | Washington Gas: BKNY, 6810 Industrial Rd 117B, Springfield, VA 22151 |

TOTAL: 39

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 32529792 | | Email/Text: Bankruptcymail@marylandtaxes.gov | | Office of the Comptroller of Maryland, |
| | | | Apr 09 2025 19:46:00 | Bankruptcy Unit, 7 St. Paul Street, 2nd Floor, Baltimore, MD 21202 |
| 32529128 | + | Email/Text: documentfiling@lciinc.com | | Comcast Business, 1701 John F. Kennedy Blvd., |
| | | | Apr 09 2025 19:46:00 | Philadelphia, PA 19103-2838 |
| 32529793 | | Email/Text: sbse.cio.bnc.mail@irs.gov | | Internal Revenue Service, Centralized Insolvency |
| | | | Apr 09 2025 19:46:00 | Section, PO Box 21126 (DP-N-781), Philadelphia, PA 19114 |
| 32529791 | + | Email/Text: UIBankruptcyNotices.DLLR@maryland.gov | | State of Maryland DLLR, Division of |
| | | | Apr 09 2025 19:47:00 | Unemployment Insurance, 1100 N. Eutaw Street, Room 401, Baltimore, MD 21201-2226 |
| 32557285 | ^ | MEBN | | TD Bank, N.A., PO BOX 1931, Burlingame, CA |
| | | | Apr 09 2025 19:44:57 | 94011-1931 |
| 32529150 | + | Email/Text: bankruptcy@td.com | | TD Bank, National Association, 1701 Marlton |
| | | | Apr 09 2025 19:47:00 | Pike E, Cherry Hill, NJ 08003-2335 |
| 32529790 | ^ | MEBN | | Taxing Authority of Montgomery County, |
| | | | Apr 09 2025 19:43:58 | Division of Treasury, 255 Rockville Pike, Ste. L-15, Rockville, MD 20850-4188 |
| 32529153 | ^ | MEBN | | Toast Capital LLC, 401 Park Drive, Boston, MA |
| | | | Apr 09 2025 19:44:14 | 02215-3325 |
| 32529794 | | Email/Text: atlreorg@sec.gov | | Branch of Reorganization, Sec. & Exch. |
| | | | Apr 09 2025 19:47:00 | Commission, 3475 Lenox Road NE (Suite 1000), Atlanta, GA 30327-1232 |
| 32529795 | | Email/Text: usamd.bankruptcy@usdoj.gov | | U.S. Attorney-District of MD, 4th floor, 36 S. |
| | | | Apr 09 2025 19:46:00 | Charles St., Baltimore, MD 21201 |
| 32536935 | + | Email/Text: arbankruptcy@uline.com | | Uline, 12575 Uline Drive, Pleasant Prairie, WI |
| | | | Apr 09 2025 19:47:00 | 53158-3686 |
| 32529159 | + | Email/Text: bankruptcy@webbank.com | | WebBank, 215 South State Street Suite 1000, Salt |
| | | | Apr 09 2025 19:46:00 | Lake City, UT 84111-2336 |

TOTAL: 12

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 32529124 | | Capital Bank, National Association, INVALID ADDRESS PROVIDED |
| 32529134 | | Finance A La Carte, INVALID ADDRESS PROVIDED |
| 32529148 | | Sysco Baltimore, LLC, INVALID ADDRESS PROVIDED |
| 32529151 | | The Chefs' Warehouse Mid-Atlantic, LLC, INVALID ADDRESS PROVIDED |
| 32529156 | | Various Customers |
| cr | *+ | Uline, 12575 Uline Drive, Pleasant Prairie, WI 53158-3686 |
| 32529135 | * | Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346 |
| 32529155 | ##+ | Toast, Inc., 401 Park Drive, Boston, MA 02215-3372 |

TOTAL: 5 Undeliverable, 2 Duplicate, 1 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

District/off: 0416-0        User: admin        Page 3 of 3

Date Rcvd: Apr 09, 2025        Form ID: pdfall        Total Noticed: 51

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 11, 2025        Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 9, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Angela L. Shortall | ashortall@3cubed-as.com  md70@ecfcbis.com |
| Catherine Keller Hopkin | chopkin@yvslaw.com<br>pgomez@yvslaw.com,kreese@yvslaw.com,vmichaelides@yvslaw.com,yvslawcmecf@gmail.com,hopkincr39990@notify.bestcase.com |
| Corinne Donohue Adams | cadams@yvslaw.com<br>cadams@yvslaw.com,jbeckman@yvslaw.com,pgomez@yvslaw.com,vmichaelides@yvslaw.com,yvslawcmecf@gmail.com,r39990@notify.bestcase.com |
| L. Jeanette Rice | Jeanette.Rice@usdoj.gov  USTPRegion04.GB.ECF@USDOJ.GOV |
| Lynn A. Kohen | lynn.a.kohen@usdoj.gov |
| Maurice Belmont VerStandig | mac@mbvesq.com<br>lisa@mbvesq.com,mahlon@dcbankruptcy.com,mac@dcbankruptcy.com,verstandig.mauricer104982@notify.bestcase.com,verstandiglaw@recap.email |
| US Trustee - Greenbelt | USTPRegion04.GB.ECF@USDOJ.GOV |

TOTAL: 7

Entered: April 9th, 2025
Signed: April 8th, 2025

**SO ORDERED**



MARIA ELLENA CHAVEZ-RUARK
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

In re:

Smokecraft Clarendon, LLC

    Debtor.

Chapter 11

Case No. 24-13609

### SIXTH ORDER (I) AUTHORIZING THE DEBTOR'S INTERIM USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. SECTIONS 361, 363 AND 552; (II) GRANTING ADEQUATE PROTECTION; AND (III) SCHEDULING FINAL HEARING PURSUANT TO 11 U.S.C. SECTION 363(c)(2) AND FED.R.BANKR.P. 4001

The Court has considered Capital Bank, National Association's ("Capital Bank")[1] Consent Motion for Order (I) Authorizing Smokecraft Clarendon, LLC's (the "Debtor") Interim Use of Cash Collateral Pursuant to 11 U.S.C. §§ 361, 363 and 552, (II) Granting Adequate Protection, and (III) Scheduling Final Hearing Pursuant to 11 U.S.C. § 363(c)(2) and Fed.R.Bankr.P. 4001 (the "Motion"), to which motion the Debtor consents; and any opposition thereto; the evidence submitted and arguments proffered or adduced at the hearing before the Court on July 22, 2024, (the "Hearing") and upon the record of this Case; and adequate notice of the Hearing having been given in accordance with Bankruptcy Rules 2002, 4001 and 9014 and all applicable Local Rules, and having determined that no other or further notice need be provided, and it appearing to the Court that the relief requested is fair and reasonable and in the best interests of the Debtor, the

---

[1] Unless stated otherwise, capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

estate, and its creditors, and is necessary for the continued operation of the Debtor's business; and after due deliberation and consideration, and for good and sufficient cause appearing therefor; and

WHEREAS, on July 24, 2024 the Court entered an Order (I) Authorizing the Debtor's Interim Use of Cash Collateral Pursuant to 11 U.S.C. Sections 361, 363 and 552; (II) Granting Adequate Protection; and (III) Scheduling Final Hearing Pursuant to 11 U.S.C. Section 363(c)(2) and Fed. R. Bankr. Proc. 4001 (the "First Interim Order") [Dkt. 44]; and

WHEREAS, on August 30, 2024 the Court entered a Second Consent Order (I) Authorizing the Debtor's Interim Use of Cash Collateral Pursuant to 11 U.S.C. Sections 361, 363 and 552; (II) Granting Adequate Protection; and (III) Scheduling Final Hearing Pursuant to 11 U.S.C. Section 363(c)(2) and Fed. R. Bankr. P. 4001 (the "Second Interim order") [Dkt. 55]; and

WHEREAS, on October 31, 2024 the Court entered a Third Order (I) Authorizing the Debtor's Interim Use of Cash Collateral Pursuant to 11 U.S.C. Sections 361, 363 and 552; (II) Granting Adequate Protection; and (III) Scheduling Final Hearing Pursuant to 11 U.S.C. Section 363(c)(2) and Fed. R. Bankr. P. 4001 (the "Third Interim order"); and

WHEREAS, December 19, 2024 the Court entered a Fourth Order (I) Authorizing the Debtor's Interim Use of Cash Collateral Pursuant to 11 U.S.C. Sections 361, 363 and 552; (II) Granting Adequate Protection; and (III) Scheduling Final Hearing to Pursuant to 11 U.S.C. Section 363(c)(2) and Fed. R. Bankr. P. 4001 (the "Fourth Interim order") [Dkt. 82]; and

WHEREAS, February 4, 2025 the Court entered a Fifth Order (I) Authorizing the Debtor's Interim Use of Cash Collateral Pursuant to 11 U.S.C. Sections 361, 363 and 552; (II) Granting Adequate Protection; and (III) Scheduling Final Hearing Pursuant to 11 U.S.C. Section 363(c)(2) and Fed.R.Bankr.P. 4001 (the "Fifth Interim order") [Dkt. 99]; and

WHEREAS, the Debtor has a continuing and immediate need to use cash collateral past the current interim period, which expires on March 31, 2025; and

WHEREAS, Capital Bank and the Debtor have agreed to extend the Interim Period (defined below), subject to authorization and approval of the Bankruptcy Court, through and including April 30, 2025, under the terms set forth below.

4934-5405-5472, v. 1

NOW THEREFORE, it is by the United States Bankruptcy Court for the District of Maryland hereby

ORDERED, that the Debtor is authorized to continue the use of Cash Collateral under the following terms and conditions set forth herein.  All objections to this Order to the extent not withdrawn, waived, settled or resolved, and all reservations of rights included therein, are denied and overruled on the merits. This Order shall become effective immediately upon its entry. The terms of the Debtor's continued use of Cash Collateral are as follows:

a.  **Use of Cash Collateral.** As a condition to the authorization to use Cash Collateral, Cash Collateral shall be used solely in accordance with the terms and conditions of this Order, and shall only be used for any actual and customary business expenses incurred during the Sixth Interim Period, as that term is defined below, so long as they relate to the categories of expenses set forth in the Cash Flow Projection set forth in the first Monthly Operating Report filed by the Debtor [Dkt. 30]. Debtor shall not make any payments to any insiders aside from ordinary wage payments and ordinary expense reimbursements, nor shall Debtor pay any raises to any employee that cumulatively exceed ten percent (10%) of the wages paid to the respective employee on the Petition Date.

b.  **Good Cause.** Good cause has been shown for entry of this Order, and the entry of this Order is in the best interests of the Debtor, the estate and its creditors. Among other things, the Debtor has an immediate need for the liquidity provided by use of Cash Collateral to avoid immediate, irreparable harm, and the relief granted herein will minimize disruption of the Debtor's business and permit the Debtor to pay critical expenses necessary to maximize the value of the estate. The use of Cash Collateral and the proposed adequate protection arrangements, as set forth in this Order, are fair and reasonable under the circumstances.

c.  **Immediate Entry.** Sufficient cause exists for immediate entry of this Order pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2) and the applicable Local Rules.

4934-5405-5472, v. 1

1.      **Replacement Lien.** Capital Bank is granted as adequate protection a valid, binding, first-priority perfected and enforceable security interest and replacement lien (the "Replacement Lien") on all of the unencumbered pre-petition and post-petition assets of the Debtor of any nature, presently owned or hereafter acquired, and wherever located including but not limited to, accounts receivable, inventory, cash, deposit accounts, chattel paper, goods, equipment, general intangibles, investment property, instruments, documents, and all cash and non-cash proceeds thereof (collectively with Cash Collateral, the "Capital Bank Collateral").  Capital Bank's Replacement Liens shall be valid, binding, enforceable and perfected liens in all Capital Bank Collateral, in each case equal to the sum of the aggregate diminution, if any, subsequent to the Petition Date, in the value of the Cash Collateral.

2.      **Disposition of Collateral.** The Debtor shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the Capital Bank Collateral, other than in the ordinary course of business or in connection with the payments contemplated under this Order, without the prior written consent of Capital Bank (and no such consent shall be implied from any other action, inaction or acquiescence by Capital Bank or from any order of this Court), which consent shall not unreasonably be withheld or delayed. Notwithstanding anything otherwise provided herein, 100% of any net cash proceeds of any sale of Capital Bank Collateral outside of the ordinary course of business shall be used to immediately satisfy Capital Bank's Prepetition Lender Lien and Replacement Lien.

3.      **Superpriority Claim.** Effective nunc pro tunc as of the Petition Date, Capital Bank shall receive a superpriority administrative claim (the "Adequate Protection Superpriority Claim") to the extent Capital Bank has an allowable administrative expense claim under Bankruptcy Code Section 507(b), in a sum equal to any post-petition diminution of the Capital Bank Collateral. The allowed Adequate Protection Superpriority Claim shall have (a) priority over any and all unsecured claims against the Debtor or the estate and all administrative expense claims, with the exception of approved claims of the Subchapter V Trustee, to include claims incurred after confirmation should the case be confirmed under Bankruptcy Code section 1129(b), at any time existing or arising, of any kind or nature whatsoever, including, subject to the above limitation, administrative

4934-5405-5472, v. 1

expenses of the kind specified in or ordered pursuant to Bankruptcy Code sections 105, 326, 328, 330, 331, 364, 503(a), 503(b), 507(a), 507(b), 546(c), 546(d), and 726, as applicable, and any other provision of the Bankruptcy Code; and (b) which shall at all times be senior to the rights of the Debtor and the estate, and any successor thereto or other estate representative to the extent permitted by law. Such a provision is necessary given the swift rate of erosion in the value of Cash Collateral, and particularly the Debtor's equipment and fixtures.

4.    **Adequate Protection.** In addition to the adequate protection described above, the Debtor shall make monthly adequate protection payments to Capital Bank in the amount of $1,500 on or before the thirtieth (30th) day of each month in the applicable interim period (the "Adequate Protection Payments"). The Adequate Protection Payments together with the Adequate  Protection Superpriority  Claim, the Replacement Lien, and the Adequate Protection Payments,  the "Adequate Protection Obligations") shall be applied as this Honorable Court may subsequently direct, with the Debtor and Capital Bank being prepared to make argument as to whether such application should be (i) to Capital Bank's allowed secured claim or (ii) as an adequate protection fee, at the next hearing otherwise held in the above-captioned case.

5.    **Authorization to Use Cash Collateral.** Subject to the terms and conditions of this Order, the Debtor is authorized to use the Capital Bank Collateral in the ordinary course of business for the purpose of paying the Debtor's operating expenses for the period commencing April 1, 2025 through April 30, 2025 (the "Sixth Interim Period"). Nothing in this Order shall authorize the disposition of any assets of the Debtor outside the ordinary course of business, or the use of Capital Bank Collateral or other proceeds resulting therefrom, except as permitted by this Order, as applicable.

(a)    Capital Bank's consent to, or acknowledgement of, the Debtor's use of Cash Collateral to pay normal and ordinary post—petition expenses shall not be construed as consent to use the proceeds of the Capital Bank Collateral beyond May 31, 2025, or after an Event of Default, regardless of whether the aggregate funds have been expended.

4934-5405-5472, v. 1

(b)    The Debtor's use of Cash Collateral may be modified by the Debtor only with the express written consent of Capital Bank in its sole discretion, absent further order of the Court.

6.    **Perfection of Replacement Lien.** This Order shall be sufficient and conclusive evidence of the creation, validity, perfection, and priority of all liens granted herein, including the Replacement Lien, without the necessity of filing or recording any financing statement, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect (in accordance with applicable non- bankruptcy law) the Replacement Lien or to entitle Capital Bank to the priorities granted herein. Notwithstanding the foregoing, Capital Bank is authorized, but not required, to file, as it deems necessary or advisable, such financing statements, security agreements, notices of liens and other similar documents to perfect in accordance with applicable non-bankruptcy law or to otherwise evidence the Replacement Lien and all such financing statements, notices and other documents shall be deemed to have been filed or recorded as of the Petition Date; provided, however, that no such filing or recordation shall be necessary or required in order to create or perfect the Replacement Lien. Capital Bank may, in its discretion, file an electronic copy or photocopy of this Order as a financing statement with any filing or recording office or with any registry of deeds or similar office in addition to or in lieu of such financing statements, notices of lien or similar instruments.

7.    **Modification of Automatic Stay.** The automatic stay of section 362 of the Bankruptcy Code is modified and vacated to the extent necessary to permit the Debtor and Capital Bank to accomplish the transactions contemplated by this Order.

8.    **Payments Held in Trust.** Except those held for the payment of allowed claims of the Subchapter V Trustee and as otherwise expressly permitted in this Order, if any person or entity receives any payment on account of a security interest in Capital Bank Collateral or receives any Capital Bank Collateral or any proceeds therefrom prior to indefeasible payment in full in cash of the Prepetition Lender Obligation under the Funding Agreements, such person or entity shall be deemed to have received, and shall hold, any such payment or proceeds in trust for the benefit of

6

Capital Bank and shall immediately turn over such proceeds to Capital Bank, for application in accordance with this Order.

9.      **Maintenance of Collateral.** Until the payment in full of the Prepetition Lender Obligation, the Debtor shall: (a) insure the Capital Bank Collateral as required under the Funding Agreements, as applicable; and (b) maintain the cash management system, if any, consistent with the terms and conditions of any order(s) governing the Debtor's cash management systems.

10.      **Rights and Remedies Upon Default.** The occurrence of any of the following shall constitute an event of default under this Order: (a) any default, violation or breach of any of the terms of this Order, including the failure of the Debtor to use the Capital Bank Collateral in strict compliance with this Order, (b) the failure of the Debtor to file monthly operating reports in this bankruptcy case, (c) conversion of the case to a case under Chapter 7 of the Bankruptcy Code, (d) the appointment of a Chapter 11 trustee in the case other than the Subchapter V Trustee, (e) the failure to timely pay all Adequate Protection Payments to Capital Bank as set forth in the Motion, (e) the failure to timely pay all payroll obligations, except for any such obligations owed to insiders of the Debtor, (f) the appointment of an examiner in the case, (g) the dismissal of the case, and/or (h) the discontinuation of the Debtor's business or the issuance of an Order for the Debtor to discontinue its business (individually, an "Event of Default" and, collectively, "Events of Defaults"). Upon an Event of Default, Capital Bank shall deliver written notice to the Debtor and its counsel of such default and may declare a termination, reduction, or restriction on the ability of the Debtor to use Capital Bank Collateral. The Debtor shall have four (4) business days thereafter to cure the alleged default and, after two (2) events of default, the Debtor will have no further cure right should a third default be declared by Capital Bank, unless otherwise agreed to by Capital Bank in its sole discretion. In the event the Debtor does not cure the default as required hereby, or upon three events of default, Capital Bank may file a notice with the Court declaring such Event of Default.

11.      **Rights and Remedies Following Notice to Court of Event of Default.** Three (3) Business Days following the filing of a Notice of Event of Default, Capital Bank shall be entitled to exercise all rights and remedies in accordance with the Funding Agreements, this Order and

applicable law and the automatic stay of section 362 of the Bankruptcy Code shall automatically, without further Court order, be lifted to the extent necessary to allow Capital Bank to pursue all rights and remedies in accordance with the Funding Agreements, this Order, and applicable law.

12.     **Proofs of Claim.** Capital Bank shall not be required to file a proof of claim in this case, and the entry of this Order shall be deemed to constitute a timely filed proof of claim. Any order entered by this Court in relation to the establishment of a bar date for any claim (including without limitation, administrative claims) in this case shall not apply to Capital Bank. Notwithstanding the foregoing, Capital Bank may in its sole discretion, but is not required to, file (and amend and/or supplement, as it sees fit) a proof of claim and/or aggregate proofs of claim in this case for any claim allowed herein.

13.     **Limitations on Use of Capital Bank Collateral.** Except as otherwise permitted in this Order, Capital Bank Collateral may not be used, directly or indirectly, by the Debtor, or any other person or entity (or to pay any professional fees, disbursements, costs or expenses incurred in connection therewith) in connection with (a) preventing, hindering, or delaying any of Capital Bank's enforcement or realization upon any of the Capital Bank Collateral; (b) using or seeking to use Capital Bank Collateral without the permission of Capital Bank, outside the ordinary course of business, or selling or otherwise disposing of Capital Bank Collateral without the consent of Capital Bank or as permitted by the Funding Agreement or this Order; (c) may not use or seeking to use any insurance proceeds constituting Capital Bank Collateral without the consent of Capital Bank; (d) except as otherwise provided herein, seeking to amend or modify any of the rights granted to Capital Bank under this Order or the Funding Agreements, including seeking to use Capital Bank Collateral on a contested basis; (e) litigating, objecting to, challenging or contesting in any manner in any way the Replacement Lien, the Adequate Protection Superiority Claim, the Prepetition Lender Obligation, the Capital Bank Collateral or, as the case may be, the Cash Collateral, or any other claims held by or on behalf of Capital Bank, except as otherwise provided herein;  (f) asserting, commencing or prosecuting any claims or causes of action whatsoever, including, without limitation, avoidance actions or applicable state law equivalents or actions to recover or disgorge payments, against Capital Bank or any of its respective affiliates, agents, attorneys, advisors,

professionals, officers, directors and employees, except as otherwise provided herein; (g) litigating, objecting to, challenging, or contesting in any manner, or raising any defenses to, the validity, extent, amount, perfection, priority, or enforceability of the Prepetition Lender Obligation, the Replacement Lien, or any other liens or interests of Capital Bank, except as otherwise provided herein; or (h) seeking to subordinate, recharacterize, disallow or avoid the Prepetition Lender Obligation.. Notwithstanding anything else herein, the Debtor is authorized to use Cash Collateral to pay ordinary operating expenses, as more fully described above in Recital (g), so long as it is in compliance with the terms of this Order.

14.    **Waivers.** Subject to the provisions of this Order, no costs or expenses of administration of this case shall be charged against or recovered from or against Capital Bank with respect to the Capital Bank Collateral, pursuant to Section 105 or Section 506(c) of the Bankruptcy Code or otherwise, without the prior written consent of Capital Bank, and no such consent shall be implied from any action, inaction, or acquiescence of Capital Bank.

(a)    **Section 552(b).** Both Capital Bank and the Debtor reserve all rights with respect to the extension of any lien rights in proceeds, product, offspring and profits of any of the Cash Collateral.

15.    **No Lender Liability.** In determining to permit the use of Capital Bank Collateral, Capital Bank shall not owe any fiduciary duty to the Debtor, the Debtor's creditors, or the estate. Furthermore, nothing in this Order shall in any way be construed or interpreted to impose or allow the imposition upon Capital Bank of any claims arising from the prepetition or postpetition activities of the Debtor and its affiliates, if any (as defined in section 101(2) of the Bankruptcy Code).

16.    **Limitation of Liability.** Nothing in this Order, the Funding Agreements, or any other documents related to these transactions shall in any way be construed or interpreted to impose or allow the imposition upon Capital Bank of (a) any liability for any claims arising from the prepetition or postpetition activities of the Debtor in the operation of the Debtor's business, or in connection with any restructuring efforts or (b) any fiduciary duties to the Debtor, the Debtor's creditors, or the estate. Capital Bank shall not, in any way or manner, be liable or responsible for

(i) the safekeeping of the Capital Bank Collateral, (ii) any loss or damage thereto occurring or arising in any manner or fashion from any cause, (iii) any diminution in value thereof, or (iv) any act or default of any carrier, servicer, bailee, custodian, forwarding agency, or other person. All risk of loss, damage, or destruction of the Capital Bank Collateral shall be borne by the Debtor. The foregoing notwithstanding, the Debtor shall have a period of forty five (45) calendar days, from the date of this order, to review the existence, *vel non*, of any claims the Debtor may hold against Capital Bank on account of pre-petition activities and, should the Debtor determine any such claim(s) to be extant, the Debtor may assert such claim(s) within the subject forty five (45) calendar day period.

17.    **Insurance Proceeds and Policies.** Upon entry of this Order and to the fullest extent provided by applicable law, Capital Bank shall be, and shall be deemed to be, without any further action or notice, named as additional insured and loss payee on each insurance policy maintained by the Debtor that in any way relates to the Capital Bank Collateral.

18.    **Binding Effect of this Order.** Immediately upon entry of this Order by this Court, the terms and provisions of this Order shall become valid and binding upon and inure to the benefit of the Debtor, Capital Bank, all other creditors of the Debtor, and all other parties- in-interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in the case.

19.    **Necessary Actions.** Capital Bank is authorized and directed to take any and all such necessary actions as are reasonable and appropriate to implement the terms of this Order.

20.    **Enforceability.** This Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable immediately upon entry thereof. Notwithstanding applicable Bankruptcy Rules and Local Rules, and the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

21.    **Rights Reserved.** Notwithstanding anything herein to the contrary, the entry of this Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly: (a) the rights of Capital Bank to seek any other or supplemental relief in respect of the Debtor; (b) the

rights of Capital Bank under the Funding Agreements, the Bankruptcy Code or applicable non-bankruptcy law, including, without limitation, the right to request modification of the automatic stay of section 362 of the Bankruptcy Code, or (c) any other rights, claims, or privileges (whether legal, equitable or otherwise) of Capital Bank.

22.    **Headings.**  All paragraph headings used in this Order are for ease of reference only and are not to affect the construction hereof or to be taken into consideration in the interpretation hereof.

23.    **Expiration of Cash Collateral.**  The Debtor's authorization for use of cash collateral shall expire on April 30, 2025.

24.    **Retention of Jurisdiction.** The Court shall retain jurisdiction to hear, determine and, if applicable, enforce the terms of, any and all matters arising from or related to this Order.

cc:  All Counsel of Record
       All Parties-In-Interest

**-END OF ORDER-**

4934-5405-5472, v. 1