# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

In re                                               Case No. 24-13609-MCR

Smokecraft Clarendon, LLC                            Chapter 11

    Debtor.

_____/

## DECLARATION OF ANDREW DARNEILLE IN SUPPORT OF PLAN CONFIRMATION

1. My name is Andrew Darneille, I am over the age of eighteen, and I am competent to testify to the matters set forth herein.

2. I am the manager of Smokecraft Clarendon, LLC ("Smokecraft") and have been at all times since April 29, 2024.

3. I am familiar with Smokecraft Clarendon, LLC's Third Amended Subchapter V Plan of Reorganization (the "Plan") and worked with counsel to prepare the Plan.

4. Upon consultation with counsel, I believe the Plan complies with all applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").

5. Upon consultation with counsel, I believe Smokecraft is in compliance with the provisions of the Bankruptcy Code.

6. The Plan has has been proposed in good faith, representing Smokecraft's earnest effort to sensibly reorganize in a manner that looks out for the best interests of creditors whilst also preserving the company's operations as a going concern.

7. Upon consultation with counsel, I do not believe the Plan has been proposed by any means forbidden by law.

1

8. Under the Plan, professional persons who provided pre-confirmation services to Smokecraft will need to have their fees approved by the United States Bankruptcy Court for the District of Maryland.

9. The Plan discloses that confirmation thereof will not alter the equity composition of Smokecraft.

10. While certain customers of Smokecraft are governmental offices and agencies, the rates charged by Smokecraft are not subject to governmental approval.

11. The Plan provides for each impaired class to receive a sum of monies equal to—or greater than—said class would receive in a chapter 7 liquidation.

12. It is my understanding that all administrative creditors have agreed to the method and timing of payment of their claims under the Plan and, in the alternative and upon consultation with counsel, I understand the Plan to comply with Section 1191(e) of the Bankruptcy Code.

13. Class 3, an impaired class, has voted to accept the Plan.

14. Based on my knowledge of Smokecraft's historic performance and recent performance trends, coupled with my knowledge of the payment obligations under the Plan, I reasonably believe (i) the projections appended to the Plan are realistic, being rooted in empirical data and representing the best projections available from said data; (ii) the payments called for in the Plan will be able to be made without incident or issue; and (iii) the Plan is accordingly feasible in nature, being unlikely to be followed by liquidation or a further financial reorganization.

15. Upon consultation with counsel, I understand Smokecraft to have paid all fees—if any—required under Section 1930 of Title 28 of the United States Code.

16. Smokecraft does not owe—and never has owed—any retiree benefits.

17. Smokecraft is not a natural person and does not owe any domestic support obligations.

18. While the Plan does not expressly contemplate any transfers of property, to the extent the sale of food may be construed as a transfer of property such will be carried out in accord with applicable nonbankruptcy law.

19. Further declarant sayeth naught.

Executed on 6/4/2025

I declare under penalty of perjury that the foregoing is true and correct.

Signed by: Andrew Darneille